IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TERRENCE WILLIAMS,** | |
| *Plaintiff,* | |
| **v.** | **Civil No. 1:25-cv-02726-JRR** |
| **ABERDEEN PROVING GROUND FEDERAL CREDIT UNION,** | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Terrence Williams' Motion to Disqualify Counsel at ECF No. 26 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.       BACKGROUND[1]

*Pro se* Plaintiff Terrence Williams initiated the instant action against Defendant Aberdeen Proving Ground Federal Credit Union on August 15, 2025. (ECF No. 1.) Attorney Cynthia L. Maskol of law firm Wilson Elser appeared on behalf of Defendant on September 17, 2025. (ECF No. 8.) On May 13, 2026, Attorney Brian Foster of Wilson Elser entered his appearance on behalf of Defendant; Ms. Maskol withdrew her appearance two weeks later. (ECF Nos. 37, 38.) On January 15, 2026, Plaintiff initiated a separate civil action in the Circuit Court for Baltimore County, Maryland, asserting violation of the Maryland Wiretap Act against, *inter alia*, Wilson Elser[2] and two of its attorneys (neither of which is attorney of record in this case) (Case No. C-03-CV-26-000208). In that action, Plaintiff alleges Wilson Elser obtained communication between Plaintiff and American International Group, Inc. ("AIG"), which he alleges was illegally recorded and transcribed, and then used it in a separate case (also

---

[1] The background relevant to the instant Motion consists solely of the relevant procedural history at issue.
[2] The state court action names Wilson Elser as Wilson Elser Moskowitz Edelman & Dicker LLP. (ECF No. 26-1 at p. 2.)

in the Circuit Court of Baltimore County).  (ECF No. 26-1 ¶¶ 86–93.)  Plaintiff now asks this court to disqualify the law firm of Wilson Elser from serving as counsel in this matter on grounds of a conflict of interest.[3]  (ECF No. 26 at p. 2.)

## II.    LEGAL STANDARD

"When confronted with a potential conflict of interest, the district court is obligated to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should thus be disqualified."  *United States v. Williams*, 439 F. App'x 254, 256 (4th Cir. 2011) (citing *Wheat v. United States,* 486 U.S. 153, 159–160 (1988)).  Pursuant to Local Rule 704, "[t]his Court shall apply the Rules of Professional Conduct as they have been adopted by the Supreme Court of Maryland."  Local Rule 704 (D. Md. 2025).  As this court previously explained:

> A motion to disqualify is a serious matter, which must be decided on a case-by-case basis.  This is so because two significant interests are implicated by a disqualification motion: the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community. Nevertheless, the guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings.  Thus, this court must not weigh the competing issues with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing an appearance of impropriety, [this Court] is to resolve all doubts in favor of disqualification.

*Jarallah v. Thompson*, 123 F. Supp. 3d 719, 731 (D. Md. 2015), *aff'd*, 627 F. App'x 185 (4th Cir. 2015) (quoting *Penn Mutual Life Ins. Co. v. Berck,* No. DKC 09–0578, 2010 WL 3294309, at *3 (D. Md. Aug. 20, 2010)).

The moving party "bear[s] 'a high standard of proof to show that disqualification is warranted' because it is such a drastic measure."  *Franklin v. Clark*, 454 F. Supp. 2d 356, 364

---

[3] In response to Plaintiff's Motion, Defendant inaccurately characterizes Plaintiff's request as one to disqualify Ms. Maskol. (ECF No. 28 at p. 1.)   Plaintiff's request seeks disqualification of Wilson Elser in full.  (ECF No. 26 at p. 5.)  Therefore, Ms. Maskol's subsequent withdraw of appearance is immaterial to the court's consideration of this Motion.

(D. Md. 2006) (quoting *Buckley v. Airshield Corp.,* 908 F. Supp. 299, 304 (D. Md. 1995)). Disqualification "is permitted 'only where the conflict is such as clearly to call in question the fair and efficient administration of justice.'" *Victors v. Kronmiller*, 553 F. Supp. 2d 533, 551 (D. Md. 2008) (quoting *Gross v. SES Americom, Inc.,* 307 F. Supp. 2d 719, 722–23 (D. Md. 2004)); *see also Aetna Cas. & Surety Co. v. United States,* 570 F.2d 1197, 1200–1201 (4th Cir. 1978) (requiring district court to find "an actual conflict exists," not just a speculative conflict, before disqualifying counsel). "Put another way, disqualification simply cannot be based on mere speculation that 'a chain of events whose occurrence theoretically could lead counsel to act counter to his client's interests might in fact occur.'" *Sanford v. Commonwealth of Virginia*, 687 F. Supp. 2d 591, 603 (E.D. Va. 2009) (quoting *Shaffer v. Farm Fresh, Inc.,* 966 F.2d 142, 145 (4th Cir. 1992)).

III.    ANALYSIS

Rule 1.7 of the Maryland Attorneys' Rules of Professional Conduct ("MARPC") "prohibits an attorney from representing a client if the representation involves a conflict of interest." *Att'y Grievance Comm'n of Maryland v. Singh*, 464 Md. 645, 670 (2019). Section A of MARPC 1.7 specifically provides:

> (a) Except as provided in section (b) of this Rule, an attorney shall not represent a client if the representation involves a conflict of interest. A conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney.

MD. RULE 19-301.7(a). Ultimately, the court is not persuaded that a conflict of interest exists here or that Plaintiff has met the "high standard of proof" to show that the "drastic measure" of disqualification is warranted. *See Franklin*, 454 F. Supp. 2d at 364, *supra*.

3

There is no apparent conflict based on the direct adversity prong.  First, it is undisputed that Wilson Elser does not seek to represent a client with an interest directly adverse to another client.  *See* MD. RULE 19-301.7(a)(1).  Contrary to Plaintiff's contention, this prong is not at issue where Plaintiff acknowledges he is not Defendant's client.  *See id.* cmt. 6 (providing, *inter alia*, "[l]oyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed consent").  Plaintiff's assertion that Wilson Elser's representation of Defendant here is "directly adverse to Plaintiff's interests" mistakes the point. (ECF No. 26 at pp. 3–4.)  Plaintiff is not Wilson Elser's client; there is no record before the court Wilson Elser has undertaken to represent Plaintiff's interests now or ever.  Given Wilson Elser's representation of Defendant, its representation is necessarily squarely adverse to Plaintiff's interests; that is the foundation of our adversary system.  And, finally, there is no apparent adversity between Wilson Elser's involvement in the two proceedings simply because in both proceedings (which are substantively unrelated) Wilson Elser advocates in favor of a position and interest adverse to Plaintiff.  *See Schiff v. Brown*, No. CV DKC 23-338, 2023 WL 6878968, at *3 (D. Md. Oct. 18, 2023), *aff'd in part, appeal dismissed in part,* No. 23-2219, 2024 WL 414121 (4th Cir. Feb. 5, 2024) ("Their involvement in the prior prosecution of Plaintiff creates no conflict because their interests were adverse to Plaintiff then and remain adverse to Plaintiff now.").[4]  Stated more simply, there is no evidence before the court that Wilson Elser's involvement in the state court action is directly adverse to its representation of Defendant in this action.  The court therefore discerns no conflict of interest on this basis.

The court similarly finds no apparent conflict of interest based on the material limitation prong.  On the material limitation prong, comment 8 to MARPC 1.7 provides:

> [8] Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that an attorney's

---

[4] Plaintiff challenges application of this caselaw here. (ECF No. 31 at pp. 6–7.)  Plaintiff's challenge focuses on the distinct postures of the cases but neglects the underlying point—that Plaintiff is not Wilson Elser's client, and Wilson Elser's engagement in two unrelated cases is similar in the firm's adversity to Plaintiff's interest, but otherwise bear no similarities suggestive of a conflict of interest.

> ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the attorney's other responsibilities or interests. For example, an attorney asked to represent several individuals seeking to form a joint venture is likely to be materially limited in the attorney's ability to recommend or advocate all possible positions that each might take because of the attorney's duty of loyalty to the others. The conflict in effect forecloses alternatives that would otherwise be available to the client. The mere possibility of subsequent harm does not itself require disclosure and consent. The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the attorney's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

MD. RULE 19-301.7, cmt. 8.

The record before this court does not support Plaintiff's contention that there is a significant risk to Wilson Elser's "ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the attorney's other responsibilities or interests." *See id.* Nothing before the court suggests Wilson Elser will be materially limited in defending Defendant in this action because Plaintiff instituted a separate (unrelated) action against it in another court. Further, the substance of the two matters appears entirely unrelated, and Plaintiff's attempt to link the two is not persuasive. Plaintiff appears to contend that because AIG allegedly violated the Maryland Wiretap Act by recording a conversation without Plaintiff's consent, and Wilson Elser attorneys procured a transcript of that recording and submitted it as evidence in a third separate action, Defendant here could record (or may have recorded) Plaintiff's call without his consent. (ECF No. 31 at pp. 2–6.) This theory verges on nonsensical; it is pure speculation and thus insufficient to support finding a conflict.[5] *See Sanford*, 687 F. Supp. 2d at 603, *supra*. The court therefore is not persuaded

---

[5] In this same vein, Plaintiff's assertion that former counsel Ms. Maskol "is likely to be a necessary witness" based on his speculative theory is similarly not compelling. (ECF No. 31 at p. 5.) Moreover, Plaintiff's assertion of MARPC 3.7 for the first time in his reply in support of the Motion is not properly raised. *See Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 620 (D. Md. 2011) (noting that court typically "will not consider an

that there is a significant risk that Wilson Elser's representation in the present matter will be materially limited by a Wilson Elser attorney's personal interest in defending against a separate action.[6]  MD. RULE 19-301.7(a)(2).

Based on the foregoing, the court discerns no conflict of interest, and Plaintiff has failed to meet his burden to show that the drastic measure of disqualification is warranted here.  *See Franklin*, 454 F. Supp. 2d at 364, *supra*.  Nothing before the court suggests that the "fair and efficient administration of justice" has been called into question.  *See Victors*, 553 F. Supp. 2d at 551, *supra*.

## IV.    CONCLUSION AND ORDER

Accordingly, for the reasons set forth herein, it is this 10th day of July 2026,

**ORDERED** that the Motion (ECF No. 26) shall be, and is hereby, **DENIED**.[7]

/S/

_____

Julie R. Rubin
United States District Judge

---

[argument raised for the first time in a reply brief"); *U.S. S.E.C. v. Pirate Inv. LLC*, 580 F.3d 233, 255 (4th Cir. 2009) (noting that it typically does not "consider arguments raised for the first time in a reply brief").

[6] Plaintiff also asserts that Wilson Elser's conduct in pursing dismissal of his claims supports that it is materially limited in its representation in the instant action.  (ECF No. 26 at p. 4.)  The court disagrees; that Wilson Elser seeks dismissal of Plaintiff's claims against its client is par for the course.  That Plaintiff disagrees with counsel's characterization of his arguments is the stuff of litigation; it is not a conflict.

[7] Because the court concludes Plaintiff has not shown Wilson Elser labors under a conflict of interest in its representation of Defendant, the court does not consider Plaintiff's alternative request to require Wilson Elser "fully disclose the nature and extent of the conflict on the record."  (ECF No. 26 at p. 4.)  Additionally, the court declines Defendant's request that it award it costs incurred in defense of this Motion.  (ECF No. 28 at p. 5.)